UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DEBORAH LAUFER**, individually,<br><br>*Plaintiff*,<br><br>-*against*-<br><br>**7 HILLS HOTEL, LLC**,<br><br>*Defendant*. | NOTICE OF SUPPLEMENTAL AUTHORITY<br><br>Civil Action No. 8:20-cv-357<br>[BKS/ML] |

Defendant 7 Hills Hotel, LLC hereby gives notice of legal authority relevant to this litigation and, more specifically, to this Court's pending inquiry into Plaintiff Deborah Laufer's standing (Dkt. No. 4).

Recently, in *Harty v. West Point Realty, Inc.*, No. 19-cv-8800, 2020 U.S. Dist. LEXIS 141893 (S.D.N.Y. Aug. 7, 2020), Judge Vincent Briccetti of the United States District Court for the Southern District of New York issued an Order dismissing another ADA tester's complaint for lack of standing.  A copy of that decision is attached hereto as **Exhibit A**.  The conclusions and analysis in the attached *Harty* decision directly relate to the issues in the Deborah Laufer cases before this Court, and it also should be noted that the plaintiff in *Harty* was represented by the same legal counsel representing Deborah Laufer in the cases before this Court.

**Dated**:  October 9, 2020
     Syracuse, New York

BARCLAY DAMON LLP

By:   /s/ Anneliese R. Aliasso
     Robert J. Thorpe (517411)
     Anneliese R. Aliasso (700385)

Barclay Damon LLP
125 East Jefferson Street
Syracuse, New York 13202
Telephone: (315) 425-2700
*Attorneys for Defendant*

1

 Caution
As of: October 7, 2020 6:27 PM Z

# Harty v. West Point Realty, Inc.

United States District Court for the Southern District of New York

August 7, 2020, Decided; August 7, 2020, Filed

19 CV 8800 (VB)

**Reporter**
2020 U.S. Dist. LEXIS 141893 *

OWEN HARTY, individually, Plaintiff, v. WEST POINT REALTY, INC., a New York Corporation, Defendant.

**Subsequent History:** Appeal filed, 08/11/2020

**Prior History:** Harty v. West Point Realty, Inc., 2020 U.S. Dist. LEXIS 9227 (S.D.N.Y., Jan. 17, 2020)

## Core Terms

website, guest, accommodation, concrete, compliance, hotel, disabilities, injunctive, online

**Counsel:** [*1] For Owen Harty, individually, Plaintiff: Peter Erik Sverd, Law Offices of Peter Sverd, PLLC, New York, NY.

For West Point Realty, Inc., a New York corporation, Defendant: Eunon Jason Mizrahi, Joshua Levin-Epstein, Levin-Epstein & Associates, P.C., New York, NY.

**Judges:** Vincent L. Briccetti, United States District Judge.

**Opinion by:** Vincent L. Briccetti

## Opinion

**OPINION AND ORDER**

Briccetti, J.:

Plaintiff Owen Harty brings this action against defendant West Point Realty, Inc., alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq. ("ADA"), and the New York Human Rights Law, N.Y. Exec. Law § 296(2)(a) ("NYHRL").

Now pending is defendant's motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6). (Doc. #18).[1]

For the following reasons, the motion is GRANTED.

**BACKGROUND**

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint, and draws all reasonable inferences in plaintiff's favor, as summarized below.

Plaintiff, a Florida resident, is "unable to engage in the major life activity of walking" and "bound to ambulate in

---

[1] Defendant filed its motion to dismiss on January 16, 2020. By Order dated January 17, 2020, the Court instructed plaintiff to notify the Court whether he intended to file an amended complaint "to address the purported deficiencies made apparent by the fully briefed arguments in defendant's motion," or rely on his original complaint. (Doc. #19). The Order noted that if plaintiff elected not to file an amended complaint, the Court would be unlikely to grant plaintiff a further opportunity to amend the complaint. By letter dated January 27, 2020, plaintiff advised the Court that he "will rely" on his original complaint. (Doc. #22).

a wheelchair." (Doc. #1 ("Compl.") ¶ 1). According to plaintiff, he "is an advocate of the rights of similarly situated disabled persons and is a 'tester' [*2] for the purposes of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation and their websites are in compliance with the ADA." (Id. ¶ 2).

Plaintiff alleges defendant "owns, operates, . . . or leases . . . a place of lodging known as Holiday Inn Express West Point" ("Holiday Inn") in Fort Montgomery, New York. (Compl. ¶ 3). As a place of public accommodation, plaintiff claims defendant "is required to comply with the ADA" and all promulgated regulations effectuating same. (Id. ¶ 6). Plaintiff alleges *28 C.F.R. § 36.302(e)(1)* is one such regulation, which provides in pertinent part:

> Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party—
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservation [*3] service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
> (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
> (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

Plaintiff asserts defendant "either itself or by and through a third party, implemented, operates, controls and or maintains a website for the Property which contains an online reservations system." (Compl. ¶ 9). Specifically, plaintiff alleges customers may book accommodations at the Holiday Inn though several websites, including Expedia.com, Hotels.com, Booking.com, Priceline.com, Orbitz.com, Kayak.com, [*4] and Agoda.com. (Id.).

Plaintiff claims he visited the above-listed websites prior to initiating this lawsuit "for the purpose of reviewing and assessing the accessible features at the Property and [to] ascertain whether they meet the requirements of *28 C.F.R. Section 36.302(e)* and his accessibility needs." (Compl. ¶ 10). He asserts he was unable to determine whether the Holiday Inn meets his accessibility needs because "Defendant failed to comply with the requirements set forth in *28 C.F.R. Section 36.302(e)*." (Id.).

Plaintiff further alleges that in the near future he "intends to revisit Defendant's website and/or online reservation system in order to test it for compliance with *28 C.F.R. Section 36.302(e)* and/or . . . to reserve a guest room and otherwise avail himself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Property." (Compl. ¶ 11).

As a result of defendant's alleged failure to comply with the requirements of *Section 36.302(e)*, plaintiff asserts he "suffered, and continues to suffer, frustration and humiliation," a "sense of isolation and segregation," and is "deprived of the same advantages, privileges, goods, services and benefits readily available to the general public." (Compl. ¶ 13). Plaintiff seeks declaratory and injunctive [*5] relief, attorneys' fees and costs, and compensatory damages.

## DISCUSSION

I. Legal Standards

A. *Rule 12(b)(1)*

"[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009)*.[2] "A case is properly dismissed for lack of subject matter jurisdiction

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

under *Rule 12(b)(1)* when the district court lacks the statutory or constitutional power to adjudicate it." *Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011)*. A court lacks the judicial power to hear a party's claims when the party does not have standing. *Hillside Metro Assocs., LLC v. JPMorgan Chase Bank, Nat'l Ass'n, 747 F.3d 44, 48 (2d Cir. 2014)*. "When the *Rule 12(b)(1)* motion is facial, i.e., based solely on the allegations of the complaint . . . , the plaintiff has no evidentiary burden" and "[t]he task of the district court is to determine whether the [complaint] alleges facts that affirmatively and plausibly suggest that the plaintiff has standing to sue." *Carter v. HealthPort Techs., LLC, 822 F.3d 47, 56 (2d Cir. 2016)*.

When deciding whether subject matter jurisdiction exists at the pleading stage, the Court "must accept as true all material facts alleged in the complaint." *Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009)*. "However, argumentative inferences favorable to the party asserting jurisdiction should not be drawn." *Buday v. N.Y. Yankees P'ship, 486 F. App'x 894, 895 (2d Cir. 2012)* (summary order).

When a defendant moves to dismiss for lack of subject matter jurisdiction and on other grounds, the court **[*6]** should resolve the *Rule 12(b)(1)* challenge first. *Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990)*.

II. Subject Matter Jurisdiction

Defendant argues the complaint's allegations, even accepted as true, fail to establish the existence of a real threat of future injury, and therefore plaintiff fails to establish Article III standing.

The Court agrees.

A. Standing

"The 'irreducible constitutional minimum' of standing in federal court requires: (1) 'injury in fact'; (2) that is 'fairly traceable' to a defendant's challenged conduct; and (3) that is 'likely to be redressed' by a favorable decision." *Mejia v. Time Warner Cable Inc., 2017 U.S. Dist. LEXIS 120445, 2017 WL 3278926, at *7 (S.D.N.Y. Aug. 1, 2017)* (quoting *Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)*). "To support standing, an injury must be both 'concrete and particularized.'" Id. (quoting *Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1548, 194 L. Ed. 2d 635 (2016)*). "A 'bare' statutory violation is insufficient to confer constitutional standing absent some 'concrete' harm." Id. (citing *Spokeo, Inc. v. Robins, 136 S. Ct. at 1549*). Indeed, "Article III standing requires a concrete injury even in the context of a statutory violation." *Kelen v. Nordstrom, Inc., 259 F. Supp. 3d 75, 79 (S.D.N.Y. 2016)* (quoting *Spokeo, Inc. v. Robins, 136 S. Ct. at 1549*). Thus, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Spokeo, Inc. v. Robins, 136 S. Ct. at 1549*.

"Moreover, a plaintiff seeking injunctive relief cannot rely only on past injury to satisfy the injury requirement but must show a likelihood of future harm." *Harty v. Simon Prop. Grp., L.P., 428 F. App'x 69, 71 (2d Cir. 2011)* (summary **[*7]** order).

Standing exists in the ADA context:
> where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [public accommodation] to plaintiff's home, that plaintiff intended to return to the subject location.

*Kriesler v. Second Ave. Diner Corp., 731 F.3d 184, 187-88 (2d Cir. 2013)*. Indeed, "[c]ourts considering ADA claims have found that disabled plaintiffs who had encountered barriers [to access] . . . prior to filing their complaints have standing to bring claims for injunctive relief if they show a plausible intention or desire to return to the place but for the barriers to access." *Disabled in Action of Metro. N.Y. v. Trump Int'l Hotel & Tower, 2003 U.S. Dist. LEXIS 5145, 2003 WL 1751785, at *7 (S.D.N.Y. Apr. 2, 2003)*.

"Whether an ADA plaintiff intends to return to a place of accommodation is a fact-specific inquiry." *Laufer v. Laxmi & Sons, LLC, 2020 U.S. Dist. LEXIS 79545, 2020 WL 2200207, at *2 (N.D.N.Y. May 6, 2020)*. Accordingly, to "maintain an ADA cause of action seeking injunctive relief to prevent future injury, a plaintiff must allege facts giving rise to an inference that he will suffer future discrimination by the defendant." *Shaywitz v. Am. Bd. of Psychiatry & Neurology, 675 F. Supp. 2d 376, 382 (S.D.N.Y. 2009)*. Such threat of future injury must be "real and immediate," as opposed to "merely conjectural or hypothetical." Id.

B. Application

Plaintiff fails adequately to allege **[*8]** a real threat of future injury sufficient to establish Article III standing. He

alleges he visited the subject websites' online reservation systems solely to test for compliance with the ADA and its accompanying regulations. He further alleges:

> In the near future, [he] intends to revisit Defendant's website[s] and/or online reservations system[s] in order to test if for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the website to reserve a guest room and otherwise avail himself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Property.

(Compl. ¶ 11).

First, plaintiff's claim that he intends to visit the website "in the near future," and thus will again be harmed by defendants' alleged failure to comply with 28 C.F.R. § 36.302(e)(1), is vague and conclusory. The complaint's allegations, taken as true, suggest only that plaintiff intends to return to the online reservation systems to test for statutory violations of the ADA vis-à-vis 28 C.F.R. § 36.302(e)(1). This is because plaintiff claims in conclusory fashion that he might return to the websites to book lodging, and fails to allege factual allegations upon which the Court can reasonably infer plaintiff intends to return to the websites to book a **[*9]** room or utilize defendant's services—facts that would support an inference of a particularized and concrete injury, and real threat of future harm. What remains are plaintiff's allegations that he plans to visit websites, to test those websites for ADA compliance, and that defendant's alleged violations of the ADA's regulatory framework vis-à-vis those websites will cause him injury. As noted above, allegations of "a bare procedural violation, divorced from any concrete harm," cannot "satisfy the injury-in-fact requirement of Article III." See Spokeo, Inc. v. Robins, 136 S. Ct. at 1549. Plaintiff's allegations are just that.

Second, the complaint's allegations do not "show [plaintiff's] plausible intention or desire to return [to the websites] but for the [alleged] barriers to access." See Disabled in Action of Metro. N.Y. v. Trump Int'l Hotel & Tower, 2003 U.S. Dist. LEXIS 5145, 2003 WL 1751785, at *7. Here, plaintiff affirmatively alleges his intent to return to the subject websites—to test for compliance with the ADA—despite alleged barriers to access. In other words, plaintiff intends to revisit the subject websites to test for ADA compliance but fails to set forth any allegations suggesting his ability to do so is somehow impeded by defendant's conduct or failure to comply with the ADA and its accompanying regulations. For this additional **[*10]** reason, plaintiff fails to demonstrate standing to seek injunctive relief.

C. Additional Allegations

In response to defendant's motion to dismiss, plaintiff submitted a declaration containing a plethora of additional facts not included in his complaint. For example, plaintiff asserts in his declaration that he: (i) has family near the Holiday Inn whom he frequently visits; (ii) plans to visit the area near in the Holiday Inn during the summer of 2020; (iii) must stay in a hotel when he visits family in the area; and (iv) typically looks for certain accommodations in lodging—"handicap parking spaces, accessible routes, registration counter[s], any common area facilities such as restrooms, guest room features such as grab bars, roll-in showers, peep holes, maneuvering devices, commodes, sinks, door ways, etc." (Doc. #24-1 at 1-2).

But defendant's motion to dismiss comprises a facial challenge to the Court's subject matter jurisdiction. Because the motion is "based solely on the allegations of the complaint . . . , the plaintiff has no evidentiary burden" and "[t]he task of the district court is to determine whether the [complaint] alleges facts that affirmatively and plausibly suggest that **[*11]** the plaintiff has standing to sue." Carter v. HealthPort Techs., LLC, 822 F.3d at 56. Plaintiff is represented by counsel in this matter and thus "is not entitled to any of the latitude afforded to pro se litigants in adjudicating a motion to dismiss." Harty v. Nyack Motor Hotel, Inc., 2020 U.S. Dist. LEXIS 40429, 2020 WL 1140783, at *3 (S.D.N.Y. Mar. 9, 2020) (emphasis added). Indeed, "counseled plaintiffs may not 'use their opposition to [a] motion to dismiss to raise new claims or arguments.'" Id. (quoting Chamberlain v. City of White Plains, 986 F. Supp. 2d 363, 390 n.19 (S.D.N.Y. 2013)) (alteration in original). Furthermore, plaintiff had an opportunity to amend his complaint "to address the purported deficiencies made apparent by the fully briefed arguments in defendant's motion," (Doc. #19), but elected not to do so. For these reasons, the Court declines to consider plaintiff's new, improper allegations raised for the first time in opposition to the motion.

In short, the bare allegations of the complaint do not meet the minimum requirements of Article III standing. Indeed, plaintiff's spartan assertions stand in stark contrast to allegations made in similar ADA cases involving deficient website information, in which concrete injury was sufficiently alleged. For example, in Juscinska v. Paper Factory Hotel, LLC, a plaintiff with cerebral palsy plausibly alleged in her amended complaint a concrete injury predicated **[*12]** on a

defendant hotel's failure to comply with 28 C.F.R. 36.302(e)(1). 2019 U.S. Dist. LEXIS 92550, 2019 WL 2343306, at * 1 (S.D.N.Y. June 3, 2019). There, the plaintiff plausibly alleged that while arranging accommodations for an upcoming vacation, she was unable to reserve lodging at the defendant's hotel due to an absence of sufficient accessibility information on the hotel's website. (Id.). The plaintiff alleged particular issues with the website, what information was lacking, and what accessibility information, if given, would have helped her make an informed booking decision. (Id.).

In another recent case, Camacho v. Vanderbilt University, a court concluded that a disabled plaintiff alleged a concrete injury by claiming he wished to attend a four-year college, visited the defendant university's website to obtain accessibility information, but was precluded from obtaining such information because the defendant's website was not ADA-compliant. 2019 U.S. Dist. LEXIS 209202, 2019 WL 6528974, at *10 (S.D.N.Y. Dec. 4, 2019). The court determined the plaintiff plausibly alleged a real threat of future harm because he intended to return to the school's website to "learn more about [the school], and then make an informed choice regarding" whether it would be worth visiting the school in person." 2019 U.S. Dist. LEXIS 209202, [WL] at *11. In other words, the plaintiff alleged more than a mere intent to visit the school's [*13] website to test it for statutory compliance; he wished to utilize the website to determine whether the school would be worth visiting.

Here, unlike Juscinska and Camacho, plaintiff does not adequately plead a concrete and particularized injury predicated on defendant's alleged failure to comply with 28 C.F.R. 36.302(e)(1). And his status as a "tester," alone, does not sufficiently establish an adequate basis for Article III standing. See Feltzin v. Stone Equities, LLC, 2018 U.S. Dist. LEXIS 22870, 2018 WL 1115135, at *9 (E.D.N.Y. Feb. 8, 2018) ("While it is unclear whether the Second Circuit has fully embraced 'tester' status (i.e., an individual who seeks out and sues businesses for alleged violations of the ADA) as a basis for Article III standing, it is clear that an ADA 'tester' must still satisfy the Article III standing prerequisites.").

For the reasons set forth above, plaintiff fails adequately to allege standing to maintain his ADA claim.³

---

³ This is not to say plaintiff generally cannot demonstrate standing to enforce the prescriptions of the ADA and its accompanying regulations, including the directives set forth in

III. State Law Claims

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006).

Having found plaintiff lacks standing to bring his federal ADA claim, the Court declines to exercise its supplemental jurisdiction over plaintiff's NYHRL claim.

IV. Leave to Amend [*14]

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Following receipt of the instant motion to dismiss, plaintiff declined to amend his complaint. Moreover, plaintiff has not requested an opportunity to amend his complaint. Accordingly, the interests of justice do not so require granting plaintiff an additional opportunity to amend his complaint.

**CONCLUSION**

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #18) and close this case.

Dated: August 7, 2020

White Plains, NY

SO ORDERED:

/s/ Vincent L. Briccetti

Vincent L. Briccetti

United States District Judge

---

**End of Document**

---

28 C.F.R. 36.302(e)(1). Plaintiff just has not done so here.

Because the Court lacks subject matter jurisdiction over plaintiff's ADA claim, it need not, nor can it, consider defendant's Rule 12(b)(6) arguments. See Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 90 L. Ed. 939 (1946) (noting a motion to dismiss for failure to state a claim may be decided only after a finding of subject matter jurisdiction).